U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

FEB - 9 2009

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **BRYAN LOWE** | **CIVIL ACTION NO. 08-674** |
| **VS.** | **SECTION P** |
| **WARDEN, C. PAUL PHELPS**<br>**CORRECTIONAL CENTER**<br>**A/K/A ROBERT HENDERSON** | **JUDGE MINALDI**<br>**MAGISTRATE JUDGE KAY** |

### *REPORT AND RECOMMENDATION*

Bryan Lowe filed this *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on or about May 15, 2008. At the time of filing, petitioner was an inmate in the custody of Louisiana's Department of Public Safety and Corrections and was confined at C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana. He has subsequently been released to the custody of Lake Charles Probation and Parole. He names CPP Warden Robert Henderson as his defendant herein.

This petition was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of court.

### *Background*

On August 18, 1992, petitioner was convicted of a sex offense in the state of Florida. Petitioner states that he was sentenced to ten years probation and that the sentence was completed in 1997. On March 29, 2004, petitioner (following the acceptance of a plea bargain) was convicted in the 24th JDC of Louisiana to one count of possession of a controlled substance near a school and one count of bank fraud. He was sentenced to seven years at hard labor.

Petitioner states that his discharge date was August 8, 2007 and that at the time of filing he was being held beyond his discharge date. He states that he was not released because he was required by the State of Louisiana to comply with the sex offender registration but that he did not

have a verifiable address to which he could be discharged. Petitioner contends that his procedural due process rights were violated when Louisiana imposed sex offender registration and therapy requirements on him without advanced notice or a hearing on that issue.

According to the Louisiana Department of Corrections, petitioner has been released from custody and is under the supervision of the State of Louisiana, Department of Public Safety and Corrections, Division of Probation and Parole, Lake Charles. *See* Letter from Elizabeth Montgomery, Parole Specialist, attached hereto as Exhibit A. A change of address was filed by petitioner on September 10, 2008. Doc. 4.

### Law and Analysis

A *habeas* petition is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). More specifically, "any claim by a prisoner attacking the validity or duration of his confinement must be brought under the *habeas* sections of Title 28 of the United States Code." *Calderon v. Ashmus*, 523 U.S. 740, 747, 118 S. Ct. 1694, 1699, 140 L. Ed. 2d 970 (1998); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*."). In the instant case, petitioner asks this court to order his release from CPP, thus this matter is properly resolved as a *habeas* claim.

As previously stated, petitioner is no longer incarcerated. Rather, it appears that he is on parole in keeping with the March 2004 conviction and sentence rendered in Louisiana. The relief requested herein by petitioner, namely his release from CPP, has already occurred. The court cannot order relief that is no longer available. Thus, his habeas claims are moot due to his release. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998); *see also Sutton v.*

*Johnson*, 235 F.3d 1341, (5th Cir. 2000 )(unpublished opinion) (finding habeas claims moot due to prisoner's release to mandatory supervision).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lake Charles, Louisiana on the 9th day of February, 2009.

KATHLEEN KAY
**UNITED STATES MAGISTRATE JUDGE**

3